IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adam E. Rowell, ) | Civil Action No.: 3:11-2523-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ | |

This matter is before the Court on Plaintiff's motion for attorney's fees for the successful representation of Plaintiff Adam E. Rowell ("Plaintiff") by William B. Jung in the underlying Social Security benefits action. The Court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

In his motion, Plaintiff requested an award of $4,624.79 in attorney's fees and $350.00 for the federal court filing fee cost. (ECF No. 20.) Defendant filed a response (ECF No. 21) stating that the Commissioner did not oppose Plaintiff's motion for attorney fees or costs, but requesting that the EAJA award be paid directly to Plaintiff.

The EAJA provides attorney's fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed2d 490 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the Court should not only consider the "position taken by the United States in the civil action," but

also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

After a thorough review of the record in this case, in light of the above standards, the Court determines that a proper showing has been made under the EAJA and that the attorney's fees sought should be awarded by this court. Plaintiff's attorney seeks an hourly rate in excess of $125.00 per hour to adjust for an increase in the cost of living allowance. Specifically, he seeks an award of $4,624.79 for 25.25 hours of attorney time at an hourly rate of $183.16, and $350.00 for the federal court filing fee cost.[1] Defendant does not oppose Plaintiff's motion, but has argued that should the Court award EAJA Fees, they should be paid to Plaintiff and not Plaintiff's attorney. (ECF No. 21.) The Court agrees with this position.[2]

Based on the foregoing and after considering the briefs and materials submitted by the parties, it is therefore ordered that Plaintiff is awarded $4,624.79 in attorney's fees and $350.00 in costs as set forth above, for a total award of $4,974.79.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

July 16, 2013
Spartanburg, South Carolina

---

[1] As noted by Defendant, pursuant to 28 U.S.C. §§1920, 2412(c)(1), and 2414, costs are to be paid from the Judgment Fund.

[2] *See Astrue v. Ratliff,* 130 S.Ct. 2521 (2010) holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset any pre-existing federal debts; *see also Stephens v. Astrue,* 565 F.3d 131, 139 (4th Cir. 2009)(same).